2026 IL App (2d) 260198-U
No. 2-26-0198
Order filed July 17, 2026

**NOTICE:** This order was filed under Illinois Supreme Court Rule 23(b) and is not precedential except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,

v.

DONYELL G. CHATMAN, Defendant-Appellant.

Appeal from the Circuit Court of Kane County.
Honorable David P. Kliment, Judge, Presiding.
No. 26-CF-262

JUSTICE MULLEN delivered the judgment of the court.
Justices Schostok and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court did not err in granting the State's petition to deny defendant pretrial release and ordering defendant detained.

¶ 2    Defendant, Donyell G. Chatman, appeals from orders of the circuit court of Kane County granting the State's verified petition to deny him pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2024)), as amended by Public Acts 101-652, § 10-255 (eff. Jan. 1, 2023) and 102-1104, § 70 (eff. Jan. 1, 2023) (we will refer to

these public acts collectively as the "Acts").[1] On appeal, defendant argues that the State failed to meet its burden of proving by clear and convincing evidence that: (1) the proof is evident or the presumption great that he committed the charged detainable offense; (2) he poses a real and present threat to the safety of any person or persons or the community based on the specific, articulable facts of the case; and (3) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community based on the specific, articulable facts of the case. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4                                    A. Statement of Facts

¶ 5      On February 5, 2026, defendant was charged by complaint with one count of manufacturing or delivering a controlled substance (720 ILCS 570/401(a)(2)(B) (West 2024)), a Class X felony; one count of possession of a controlled substance (cocaine) (720 ILCS 570/402(a)(2)(B) (West 2024)), a Class 1 felony; one count of manufacturing or delivering cannabis (720 ILCS 550/5(d) (West 2024)), a Class 3 felony; and one count of possession of a controlled substance (720 ILCS 570/402(c) (West 2024)), a Class 4 felony.

¶ 6      That same day, the State filed a petition to detain. In support of its petition, the State alleged that defendant was charged with manufacturing or delivering a controlled substance (720 ILCS 570/401(a)(2)(B) (West 2024)), a detainable offense. Additionally, the State alleged that defendant was charged with a felony offense other than a forcible felony for which, based on the charge or defendant's criminal history, a sentence of imprisonment without probation, periodic

---

[1] Public Act 101-652 (eff. Jan. 1, 2023), which amended article 110 of the Code, has been referred to as the "Pretrial Fairness Act" and the "Safety, Accountability, Fairness, and Equity-Today (SAFE-T) Act." However, neither title is official. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

imprisonment or conditional discharge, is required by law upon conviction, and defendant's pretrial release posed real and present threat to the safety of any person or persons or the community. See 725 ILCS 5/110-6.1(a)(1) (West 2024). The State further provided a summary of defendant's criminal history which included: a 1994 conviction of unlawful use of a weapon which resulted in defendant's probation being revoked and a one year term in the Illinois Department of Corrections (Department) consecutive to another case; a 1996 felony conviction of unlawful distribution of a controlled substance which resulted in a seven-year term in the Department; a 2003 felony conviction of unlawful possession of a controlled substance with intent to deliver which resulted in a five-year term in the Department; a 2006 felony conviction of unlawful possession of a controlled substance with intent to deliver which resulted in a nine-year term in the Department; a 2011 felony conviction of aggravated battery to a police officer which resulted in 36-month term in the Department; a 2015 felony conviction of unlawful possession of a controlled substance with intent to deliver which resulted in a 10-year term in the Department; and a 2016 felony conviction of unlawful possession of a controlled substance with intent to deliver which resulted in a 10-year term in the Department to run consecutively with the 2015 conviction.

¶ 7                                B. Detention Hearing

¶ 8      That same day, the matter proceeded to a hearing on the State's petition. The State proffered a synopsis drafted by the arresting agency. The proffer offered the following information. On February 4, 2026, officers executed a search warrant for narcotics at 746 Schomer Avenue in Aurora. Officers located defendant inside the residence and reported that he was the only occupant of the residence. Pursuant to the search warrant, officers located the following: three functioning digital scales with residue that tested positive for the presence of cocaine; two boxes of plastic baggies, one of which had ripped baggies on the top; 245.84 grams of cocaine; three Alprazolam

pills; 56.44 grams of cannabis; $6,550 in multiple denominations of United States currency; two bottles of a powder cutting agent; a glass measuring cup with residue that tested positive for the presence of cocaine; and indicia of defendant occupying the residence. Defendant told officers that he lived alone at the residence. He stated that he had not worked since 2024, but sometimes worked for friends. He further told officers that he was unaware of the presence of any narcotics in the residence. The police synopsis also indicated that defendant's residence was located approximately 70 feet away from a high school. The State reiterated defendant's lengthy criminal history.

¶ 9       The State argued that defendant poses a clear and present threat to the safety of any persons or the community. It noted that defendant "has a large amount of cocaine and is clearly in the business of packaging this and having it go out into the community." Based on defendant's criminal history, the State argued that no conditions could mitigate the threat to the community because "[t]his is clearly a career criminal, and it's the same charge over and over again." There had been no significant amount of time since defendant's first conviction in 1994 where he was not charged criminally. Conditions such as electronic home monitoring (EHM) would be ineffective, and confinement to his own home would not prevent defendant from dealing drugs.

¶ 10      In response, defense counsel noted that if released, defendant planned to return to the residence listed in the synopsis. If the court did not want defendant to return to that residence, he could reside with his mother. Defense counsel argued that there was insufficient proof that the evidence collected pursuant to the search warrant belonged to defendant or that he resided alone. Further, defense counsel alleged that the State could not prove that defendant posed a real and present threat to the safety of the community because "the only factors that really would support a finding of dangerousness have to do with his criminal history, which will be taken into account in sentencing and can be taken into account as it relates to pretrial detention." Additionally, "there

isn't an identifiable individual that he's a danger to and he has no weapons." Defense counsel contended that conditions such as EHM would prevent any further threat posed by defendant's release because defendant "would be under intense scrutiny by the police department if he was on pretrial release," which would "more than mitigate any danger."

¶ 11 Following argument by the parties, the trial court granted the State's petition to detain. In issuing its oral ruling, the trial court determined by clear and convincing evidence that defendant committed a detainable offense, that defendant's pretrial release poses a real and present threat to the safety of the community, and that no conditions were available to mitigate this threat. The trial court emphasized that defendant has a long history of convictions related to distribution of controlled substances. It reasoned that defendant has an extensive history of selling drugs, and thus there is more than "just a general danger to society." Rather, defendant "has repeatedly violated the laws" of the state in committing the same offense repeatedly. The trial court also noted that defendant has a "demonstrated inability to follow the rules of bond," as some prison terms were for consecutive sentences because he committed one case while out on bond for another. Additionally, he previously did not follow the rules of probation, resulting in a sentence of incarceration in the Department. Accordingly, no conditions could mitigate the threat posed by defendant's release. The trial court entered a written order summarizing its oral findings.

¶ 12                                    C. Motions for Relief

¶ 13 On March 20, 2026, defendant filed a motion for relief from the order detaining him. See Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024). In his motion, defendant argued that the State failed to prove that his release posed a real and present threat to the safety of any person or the community and that no conditions could mitigate that threat. Specifically, defendant noted that "conditions of

- 5 -

release are intended to mitigate, not eliminate any danger," and that conditions such as requiring that he "not possess any controlled substances" or that he be release with EHM would be sufficient.

¶ 14 A hearing on defendant's motion was held on March 25, 2026. In support, defense counsel proffered a supplemental police synopsis from the instant case. The supplemental report stated that one officer tasked with conducting surveillance observed two different unidentified individuals enter and exit the residence at 746 Schomer Avenue prior to execution of the search warrant. One of those two individuals had an interaction in the driveway of the residence. Defense counsel argued that this demonstrated that defendant was not the sole occupant of 746 Schomer Avenue prior to the execution of the search warrant. The State countered that defendant himself reported to police officers that he was the sole occupant of the residence. The trial court denied defendant's motion for relief based on the additional information.

¶ 15 On April 13, 2026, defendant filed an addendum to his motion for relief. In his addendum, defendant argued that the newly proffered evidence at the March 25, 2026, hearing contradicted the proffered evidence in the State's police synopsis presented at the initial detention hearing. Specifically, defendant argued that he denied any knowledge of narcotics in his home. Additionally, defendant reiterated that the State failed to prove by clear and convincing evidence that his pretrial release posed a real and present threat and that no conditions could mitigate this threat.

¶ 16 A hearing on the addendum to defendant's motion was held on April 24, 2026. Defense counsel reiterated the arguments made in the addendum to the motion for relief. In response, the State contended that defense counsel misstated the evidence in arguing that the supplemental police report indicated that an additional individual lived at defendant's residence. Defendant specifically told officers that he lived alone at the residence. Further, the State argued that the trial

court's prior findings referenced defendant's extensive criminal history and continued engagement in illegal conduct. It further argued that the trial court correctly identified that no conditions could mitigate the threat posed by defendant's pretrial release.

¶ 17   The trial court denied defendant's motion. In issuing its oral ruling, the trial court noted that defendant stated that he lived alone. From defendant's residence, police collected digital scales with residue that tested positive for the presence of cocaine, boxes of plastic baggies, 245.84 grams of cocaine, Alprazolam pills, 56.44 grams of cannabis, $6,550 in multiple denominations of United States currency, bottles of a powder cutting agent, and a glass measuring cup with residue that tested positive for the presence of cocaine. The trial court also emphasized that defendant lived 70 feet from a high school, noting that it did not believe "it can be said the defendant's actions do not pose a danger to the general public."

¶ 18   On April 24, 2026, defendant filed a notice of appeal. The court appointed the Office of the State Appellate Defender (OSAD) to represent defendant. OSAD elected not to file a memorandum under Illinois Supreme Court Rule 604(h)(7) (eff. Apr. 15, 2024) (providing that the issues raised in the motion for relief are before the appellate court regardless of whether an optional memorandum is filed). Thus, on appeal, we are limited to the arguments made in defendant's motion for relief. The State filed a response in opposition to the appeal.

¶ 19                                    II. ANALYSIS

¶ 20   On appeal, defendant argues that the trial court erred in granting the State's petition to detain and denying his motions for relief because the State failed to prove by clear and convincing evidence that he committed a detainable offense, that his pretrial release posed a real and present threat to the safety of any person or the community, and that no condition or combination of conditions could mitigate the risk posed by his pretrial release.

¶ 21    Article 110 of the Code, as amended by the Acts, abolished traditional monetary bail in favor of pretrial release on personal recognizance or with conditions of release. 725 ILCS 5/110-1.5, 110-2(a) (West 2024). In Illinois, all persons charged with an offense are eligible for pretrial release. 725 ILCS 5/110-2(a), 110-6.1(e) (West 2024). To detain a defendant, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a detainable offense (725 ILCS 5/110-6.1(e)(1) (West 2024)), that the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community based on the specific articulable facts of the case (725 ILCS 5/110-6.1(a)(1)-(7), (e)(2) (West 2024)) or a high likelihood of willful flight to avoid prosecution (725 ILCS 5/110-6.1(a)(8), (e)(3) (West 2024)), and that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community or the risk of the defendant's willful flight (725 ILCS 5/110-6.1(e)(3) (West 2024)). "Evidence is clear and convincing if it leaves no reasonable doubt in the mind of the trier of fact as to the truth of the proposition in question." *Chaudhary v. Department of Human Services*, 2023 IL 127712, ¶ 74. The Code further requires that "[d]ecisions regarding release, conditions of release, and detention prior to trial must be individualized, and no single factor or standard may be used exclusively to order detention." 725 ILCS 5/110-6.1(f)(7) (West 2022).

¶ 22    In this case, no live testimony was presented. The parties proceeded solely by proffer and video evidence. Accordingly, our review of the trial court's factual findings and its detention orders is *de novo*. *People v. Morgan*, 2025 IL 130626, ¶ 54. Under *de novo* review, a reviewing court "perform[s] the same analysis that the trial [court] would perform using the proper standards." *People v. Ruhl*, 2021 IL App (2d) 200402, ¶ 69.

¶ 23    Defendant first argues that the State failed to prove by clear and convincing evidence that the proof is evident or the presumption great that he committed a detainable offense. In support, defendant claims that the supplemental police report suggested that another individual resided at defendant's residence and, thus, the State could not prove by clearing and convincing evidence that the proof was evident or presumption great that defendant committed the offense of manufacturing or delivering a controlled substance.

¶ 24    The quantum of evidence required to detain a defendant pending trial is less than what is required at trial to prove guilt beyond a reasonable doubt. See 725 ILCS 5/110-6.1(f)(2), (f)(4)-(f)(6) (West 2024); *People v. Santiago*, 2024 IL App (2d) 240499-U, ¶ 28. Here, defendant's concerns go to the weight of the evidence. Section 110-6.1(f)(2) of the Code (725 ILCS 5/110-6.1(f)(2) (West 2024)) expressly permits the parties to a detention hearing to present evidence by way of proffer based on reliable information, and this court has previously held that a police synopsis alone may be sufficient to sustain the State's burden. See, *e.g.*, *People v. Hill*, 2024 IL App (2d) 240436-U, ¶ 29; *People v. Mancilla*, 2024 IL App (2d) 230505, ¶ 24; *People v. Jones*, 2024 IL App (2d) 230546-U, ¶ 9; *People v. Horne*, 2023 IL App (2d) 230382, ¶ 24.

¶ 25    Here, the proffered synopsis contained credible evidence that defendant's home contained drugs and tools used for distribution. Evidence collected from his home included three digital scales and a measuring cup with residue, plastic baggies, a large amount of cocaine and cutting agents, pills, cannabis, and $6,550 in cash. More significantly, defendant told officers that he lived at the residence by himself. Although defendant argues that a supplemental police report noted that another individual entered defendant's home and interacted with an individual in the driveway, this evidence does not contradict defendant's statement to police that he lived alone in the residence.

Accordingly, we find the proof was evident or presumption great that defendant committed the detainable offense of manufacturing or delivering a controlled substance.

¶ 26    Defendant next argues that the trial court erred in finding that he poses a real and present threat to the safety of any person or persons or the community and that there were no less restrictive conditions than detention available to mitigate any threat posed by his release. Section 6.1(e)(2)-(3) of the Act requires a court to find not only that a defendant subject to a detention petition "poses a real and present threat to the safety of any person or persons or the community" but that "no condition or combination of conditions" can mitigate that threat. 725 ILCS 5/110-6.1(e)(2)-(3) (West 2024). Although listed as separate findings in the statute, the two issues are inseparable. "[D]angerousness and conditions of release are two sides of the same coin; the nature and severity of the threat necessarily determine the nature and severity of the conditions that could—or could not—mitigate the threat." *People v. Romine*, 2024 IL App (4th) 240321, ¶ 16.

¶ 27    Under the Code, factors that a court may consider in making a determination of dangerousness, *i.e.*, that a defendant poses a real and present threat to any person or the community, include, but are not limited to: (1) the nature and circumstances of any offense charged, including whether the offense is a crime of violence, involved a weapon, or was a sex offense; (2) the history and characteristics of the defendant, including whether he or she has a prior criminal history indicative of violent, abusive, or assaultive behavior; (3) the identity of any person to whom the defendant is believed to pose a threat and the nature of the threat; (4) any statements made by or attributed to the defendant, together with the circumstances surrounding the statements; (5) the age and physical condition of the defendant; (6) the age and physical condition of the victim or complaining witness; (7) whether the defendant is known to possess or have access to any weapons; (8) whether, at the time of the current offense or any other offense, the defendant was on

probation, parole, or any other form of supervised release from custody; and (9) any other factors, including those in section 110-5 of the Code (725 ILCS 5/110-5 (West 2024)), the court deems to have a reasonable bearing on the defendant's propensity or reputation for violent, abusive, or assaultive behavior, or lack of such behavior. 725 ILCS 5/110-6.1(g) (West 2024).

¶ 28    Here, the nature and circumstances of the offense included distribution of controlled substances. 725 ILCS 5/110-6.1(g)(1) (West 2024). Defendant's criminal history was relevant to this charge, as the trial court noted that defendant had been convicted of and incarcerated for the distribution of controlled substances numerous times. 725 ILCS 5/110-6.1(g)(2) (West 2024). Defendant had been placed on parole in 2024 for a drug offense. 725 ILCS 5/110-6.1(g)(8) (West 2024). Moreover, defendant's criminal history demonstrated that he regularly violated the law in committing drug offenses, as demonstrated by periods in which he had multiple prison sentences run concurrently. 725 ILCS 5/110-6.1(g)(2) (West 2024). The trial court identified that defendant poses a threat to the community at large, as he regularly commits drug offenses and currently lives within 70 feet of a high school. 725 ILCS 5/110-6.1(g)(3) (West 2024). Considering this record, we conclude that the State proved by clear and convincing evidence that defendant poses a real and present threat to the community at large.

¶ 29    Defendant argues that the trial court could have imposed conditions that would mitigate any purported danger. He contends that the trial court could impose conditions such as that he not possess any controlled substances.

¶ 30    In determining which conditions of pretrial release, if any, will ensure the safety of any person or persons or the community, the trial court may consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; (4) the nature and seriousness of the real and present threat that

would be posed by the defendant's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process that would be posed by the defendant's release. 725 ILCS 5/110-5(a)(1)-(5) (West 2024). The history and characteristics of a defendant include his or her "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal history, and record concerning appearance at court proceedings" as well as "whether, at the time of the current offense or arrest, [he or she] was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for any offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A)-(B) (West 2024).

¶ 31    Here, the nature and circumstances of the charged detainable offense included defendant's possession of narcotics and tools used for the distribution of controlled substances. Defendant has a lengthy criminal record including multiple convictions and prison sentences for the distribution of controlled substances. Additionally, defendant had a history of disobeying the rules of his release, as his criminal history reflected that he had probation revoked in one case and committed multiple offenses shortly after release from another prison sentence. We agree with the State that conditions of release would not mitigate the danger to the community posed by defendant's pretrial release. A condition that he not possess controlled substances would be redundant, as it was illegal for defendant to do so in the first place. Additionally, EHM would not be effective, as defendant possessed the narcotics and instruments for distribution in his own home. Moreover, defendant has repeatedly demonstrated a disregard for orders of the court and the laws of the State.

¶ 32    Hence, we conclude that the State met its burden of proving by clear and convincing evidence that no condition or combination of conditions would mitigate the real and present threat defendant poses to the community.

¶ 33                                III. CONCLUSION

¶ 34    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 35    Affirmed.